IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHRISTIAN MARSTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KATHLEEN PROSPER, et al.,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　　／ | No. C 07-00100 JSW<br><br>**AMENDED ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING RESPONDENT TO FILE RESPONSE TO APPLICATION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE PENDING EXHAUSTION** |

　　　　Petitioner John Christian Marston has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's application to proceed *in forma pauperis* and request to hold the petition in abeyance pending exhaustion of potentially dispositive claims in state court. The Court HEREBY ORDERS that the application to proceed *in forma pauperis* is GRANTED. Petitioner shall serve by certified mail a copy of this order and his petition and all attachments thereto upon Respondent.

　　　　With respect to Petitioner's request for a stay, the Court directs Respondents to file a response to his requested stay.

## BACKGROUND

Marston plead guilty to two counts of illegal possession of a concealed firearm within a vehicle (California Penal Code § 12025(a)), one count of illegal possession of ammunition by a felon (California Penal Code § 12316(b)(1)), and one count of illegal possession of methamphetamine while armed with a loaded firearm (California Health & Safety Code § 11370.1(a)).  Marston also admitted that he suffered a prior serious or violent felony conviction as defined under California Penal Code §§ 667.5(c) and 1192.7(c).  On December 18, 2003, the trial court sentenced Marston.  Marston contends that the court wrongfully imposed the aggravated term of four years for illegal possession of methamphetamine while armed with a loaded firearm based on fact that were not found true by a jury or admitted by him, which was doubled to eight years pursuant to California's second strike law.

The California First District Court of Appeal affirmed the judgment against Marston on July 28, 2005.  On October 12, 2005, the California Supreme Court denied review.

## ANALYSIS

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  Requiring exhaustion of claims provides state courts with "the first opportunity to correct federal constitutional errors and minimizes federal interference and disruption of state judicial proceedings."  *Rose*, 455 U.S. at 514.  If the petition combines exhausted and unexhausted claims, the district court must dismiss the entire habeas petition without reaching the merits of any of its claims.  *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations to file a petition for a federal writ of habeas corpus concerning a state court judgment. 28 U.S.C. § 2244(d)(1).  However, exhaustion of all state remedies is a prerequisite to the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 510.  The interplay of

these two requirements created a problem for petitioners filing mixed petitions because the statute of limitations often precluded petitioners from obtaining federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

In *Rhines*, the Supreme Court resolved this problem by approving a procedure whereby a district court, in its discretion, could "stay [a] petition and hold it in abeyance while [a] petitioner returns to state court to exhaust his previously unexhausted claims." *Id*. However, because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of state court judgments and creating incentives for petitioners to seek relief in state court first, the Supreme Court also stated that the "stay and abeyance should be available only in limited circumstances." *Id*. at 277-78.

Thus, under *Rhines*, the stay and abeyance of a mixed petition is only appropriate when the district court determines: (1) "there was good cause for petitioner's failure to exhaust his claims in state court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable time limits are placed on a petitioner's trip to state court and back." *Id*.

After Petitioner filed his petition in this Court, the Supreme Court issued its order in *Cunningham v. California*, 127 S.Ct. 856 (2007), which Petitioner argues further supports his petition. He seeks leave to stay this petition while he addresses the application of *Cunningham* in state court. However, it is not clear that Petitioner's petition is timely. Petitioner alleges that his direct appeal concluded on October 12, 2005 and he does not allege that he initiated any habeas proceedings in state court. Therefore, according to the dates set forth in his petition, it appears that Petitioner was required to file his habeas petition on or before October 12, 2006. He did not file this petition until January 8, 2007. If Petitioner's habeas petition is untimely, any claims in his petition would be "plainly meritless." *Rhines*, 544 U.S. at 277-78.

Therefore, the Court directs Respondent to file a response to Petitioner's request for a stay. Respondent shall file its response within thirty days of it being served with the petition

///

///

///

3

and this order. Petitioner may file his reply, if any, within fifteen days of receipt of Respondent's response. The Court will then address Petitioner's request for a stay.

**IT IS SO ORDERED.**

Dated: June 1, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4